UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-62269-CIV-O'SULLIVAN

[CONSENT]

NESTOR FERNANDEZ,
    Plaintiff,

v.

THE ESTATE OF ARTURO GATTI,
et al.,
    Defendants.
_____/

## ORDER

THIS MATTER came before the Court on the Defendants', the Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law in Support (DE# 4, 1/24/11) (hereinafter "Motion to Dismiss"). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Defendants', the Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law in Support (DE # 4, 1/24/11) is **DENIED** for the reasons set forth below.

## BACKGROUND

On January 24, 2011, the defendants filed the instant Motion to Dismiss (DE# 4, 1/24/11). The plaintiff filed his response on February 10, 2011. See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 5, 2/10/11). The defendants filed their reply on February 17, 2011. See Defendants', the Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti Reply to Plaintiff's

Response in Opposition to Defendants' Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law in Support (DE# 6, 2/17/11) (hereinafter "Reply"). This matter is ripe for consideration.

## **ANALYSIS**

The defendants seek to dismiss the instant action with prejudice based on the "two dismissal rule." Motion to Dismiss (DE# 5 at 1, 4/24/11). The relevant procedural background of this case is as follows. On April 30, 2009, the plaintiff filed a lawsuit in state court against Thiago Alves. See Complaint and Demand for Jury Trial (DE# 4-1, 1/24/11) (hereinafter "First Complaint"). The First Complaint did not name the instant defendants and Thiago Alves is not a party to the instant action. Id. It asserted causes of action for battery and negligence. Id. The First Complaint alleged that on or about April 1, 2009, the plaintiff was at Tarpon Bend Food and Tackle located at 200 SW 2nd Street, Fort Lauderdale, Florida when Mr. Alves punched the plaintiff in the face and rendered him unconscious. Id. at ¶¶ 4-8. On June 2, 2009, the plaintiff voluntarily dismissed the First Complaint. See Plaintiff's Notice of Voluntary Dismissal Without Prejudice (DE# 4-2, 1/24/11).

On July 8, 2009, the plaintiff filed a second lawsuit in state court. See Complaint (DE# 4-3, 1/24/11) (hereinafter "Second Complaint"). The Second Complaint named Arturo Gatti as the sole defendant. Id. The Second Complaint alleged that on or about April 11, 2009, the plaintiff was "at or near 208 ½ SW 2nd Street, Fort Lauderdale" when Mr. Gatti struck the plaintiff causing serious injury. Id. at ¶ 4. The Second Complaint asserted a cause of action for negligence (Count I) and assault and battery (Count II). On November 10, 2009, the plaintiff filed an Amended Complaint. See

Amended Complaint (DE# 4-4, 1/24/11). The Amended Complaint named the Estate of Arturo Gatti and Rivoli Enterprises, LLC d/b/a Limoncello Trattoria Pizzeria (hereinafter "Limoncello"). Id. It asserted an additional count of negligent security (Count III) against Limoncello. Id. On or about November 16, 2010, the plaintiff voluntarily dismissed the Amended Complaint. See Notice of Voluntary Dismissal Without Prejudice to Defendants: the Estate of Arturo Gatti and "John Doe" as Personal Representative of the Estate of Arturo Gatti (DE# 4-5, 1/24/11).

On November 22, 2010, the plaintiff filed the instant action against The Estate of Arturo Gatti and Amanda Rodrigues as sole liquidator of the Estate of Arturo Gatti. See Complaint (DE# 1, 11/22/10) (hereinafter "Instant Complaint"). The Instant Complaint alleges that on or about April 11, 2009 "at or near 208 South West 2nd Street in Fort Lauderdale" Mr. Gatti struck the plaintiff causing serious injury. Id. at ¶ 11.

The "two dismiss rule" is found in Rule 41 of the Federal Rules of Civil Procedure. Rule 41(a) permits a plaintiff to voluntarily dismiss a complaint without a court order if he or she files a notice of dismissal before the opposing party serves an answer or a motion for summary judgment or by stipulation signed by all parties who have entered an appearance. See Fed. R. Civ. P. 41(a)(1)(A). The rule further provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B).[1] This provision has been commonly referred to as the "two dismissal rule."

---

[1] The Florida Rules of Civil Procedure contain a similar rule. See Fla. R. Civ. P. 1.420(a)(1).

The defendants argue that the two dismissal rule applies to the instant case and as such, the Court should dismiss the instant case with prejudice. Motion to Dismiss (DE# 5 at 1, 4/24/11). The plaintiff argues that the two dismissal rule does not apply to the instant case and even if it were applicable, the Court should not dismiss the instant action based on equity considerations. Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 5, 2/10/11). The plaintiff argues that the two dismissal rule does not apply because the defendants in the instant action were not named in the first state court action. See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (DE# 5 at 3, 2/10/11). The plaintiff further points out that the First Complaint alleges that the incident occurred on or about April 1, 2009 whereas the Second Complaint alleges that the incident occurred on or about April 11, 2009 and that the address for the incident is different in each complaint. Id. 2-3. The defendants argue that the date and location in the first complaint were an obvious error: "[w]e candidly submit that this is the same event that occurred at the same place." Reply (DE# 6 at 2, 2/17/11). The defendants further argue that the fact that the defendants in the instant action were not named in the First Complaint does not defeat the instant motion because the plaintiff could have substituted Mr. Gatti for Mr. Alves in the First Complaint and "all three of the lawsuits were on the same claim." See Motion to Dismiss (DE# 4 at 10-11, 1/24/11).

The Court finds that the two dismissal rule is inapplicable to the instant case because the defendants were not named in the first state court action. In Matvejs v. Martin County Sheriff's Office, No. 06-14133-CIV, 2006 WL 3755202, at *3 (S.D. Fla. Dec. 19, 2006), this Court refused to apply the two dismissal rule where the defendants

4

in the third case were not the defendants in the first and second case: "the fact that the current Defendants were not parties to both of the first two lawsuits makes the 'two dismissal rule' inapplicable here." This Court noted that:

> The Eleventh Circuit has held that "[T]he primary purpose of the 'two dismissal' rule is to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." Cunningham v. Whitener, 182 Fed. Appx. 966, 969-970 (11th Cir.2006). **As the Defendants herein were not parties to both previous lawsuits, and thus had no occasion to file responsive pleadings, this Court would not serve the purpose of the "two dismissal rule" by applying it to the present case.**

Id. (emphasis added). The same rationale applies to the instant case. Accordingly, the defendants' motion to dismiss based on the two dismissal rule is **DENIED**. Because the Court finds that the two dismissal rule is inapplicable to the instant case, the Court will not address the plaintiff's equity arguments.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Defendants', the Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti Motion to Dismiss Plaintiff's Complaint with Prejudice and Memorandum of Law in Support (DE # 4, 1/24/11) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **26th** day of May, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record