UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-62269-CIV-O'SULLIVAN

[CONSENT]

NESTOR FERNANDEZ,

    Plaintiff,

v.

THE ESTATE OF ARTURO GATTI,
et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on the parties' cross-motions for summary judgment. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63, 3/19/12); Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66, 3/19/12). Having reviewed the applicable filings and law, and for the reasons stated herein, it is

ORDERED AND ADJUDGED that the Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63, 3/19/12) is **GRANTED in part and DENIED in part**. The defendants are entitled to summary judgment on the plaintiff's assault claim. The plaintiff's negligence and battery claims shall be submitted to a jury. It is further

ORDERED AND ADJUDGED that the Plaintiff's Motion for Partial Summary

Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66, 3/19/12) is **DENIED**.

## BACKGROUND

### A. Procedural Background

On November 22, 2010, the plaintiff filed the instant action against the Estate of Arturo Gatti and Amanda Rodrigues as Sole Liquidator of the Estate of Arturo Gatti (hereinafter "defendants"). The complaint alleged causes of action for: negligence (count I) and assault and battery (count II).[1] See Complaint (DE# 1, 11/22/10). In response to the complaint, the defendants asserted numerous affirmative defenses including comparative and contributory negligence. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Amended Answer, Defenses and Affirmative Defenses (DE# 36, 7/7/11).

### B. Cross-Motions for Summary Judgment

On March 19, 2012, the defendants filed their motion for final summary judgment. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63, 3/19/12). The plaintiff filed his response in opposition on April 5, 2012. See Plaintiff's Response in Opposition to Defendant[s'] Motion for Summary Judgment (DE# 75, 4/5/12).

The plaintiff also moved for partial summary judgment on March 19, 2012. See

---

[1] The complaint also sought to recover punitive damages. That request has been withdrawn. See Plaintiff's Notice of Withdrawal of Claims for Punitive Damages (DE# 29, 6/14/11).

Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66, 3/19/12). The defendants filed their response on April 2, 2012. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Response to Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligence and Memorandum of Law (DE# 69, 4/2/12).

## STANDARD OF REVIEW

The plaintiff and the defendants seek summary judgment in the instant case. The plaintiff seeks partial summary judgment on the issues of comparative and contributory negligence and on the constitutionality of Fla. Stat. § 768.36. See Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66 at 1, 3/19/12). The defendants seek final summary judgment on the plaintiff's negligence and assault and battery claims. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63, 3/19/12). The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56 (a).

The Court shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. The moving party bears the burden of meeting this standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323) (internal quotation marks omitted). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). "When evaluating cross-motions for summary judgment, the Court analyzes each individual motion on its own merits and thus views the facts on each motion in the light most favorable to the respective nonmovant." Adega v. State Farm Fire & Cas. Ins. Co., No. 07-20696, 2009 WL 3387689, at *3 (S.D. Fla. Oct.16, 2009). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

Despite these presumptions in favor of the non-moving party, the Court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the Court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-23. Consequently, the non-moving party cannot merely rest upon bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in

4

Celotex:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Id. at 322-23. The mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

## FACTS[2]

In the early morning hours of April 11, 2009, the plaintiff, Arturo Gatti[3] and numerous other individuals were involved in a brawl in downtown Ft. Lauderdale, Florida. Following the brawl, the plaintiff's father transported the plaintiff to North Broward Medical Center ("NBMC") where the plaintiff was hospitalized from April 11, 2009 to April 17, 2009. The plaintiff's lab work taken at NBMC revealed that his blood-alcohol level was above the legal limit. Mr. Gatti was found dead on July 11, 2009 due to unrelated causes.

## ANALYSIS

**A.    Defendants' Motion for Partial Summary Judgment**

The defendants seek summary judgment on the plaintiff's negligence claim

---

[2] Some facts, which are not relevant to the issues raised on summary judgment, have been omitted.

[3] The parties dispute whether Mr. Gatti punched the plaintiff.

(count I) and on the assault and battery claim (count II). See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63, 3/19/12).

### 1. Negligence

In order to prevail on a cause of action for negligence under Florida law, a plaintiff must establish: "(1) a legal duty on the defendant to protect the plaintiff from particular injuries; (2) the defendant's breach of that duty; (3) the plaintiff's injury being actually and proximately caused by the breach; and (4) the plaintiff suffering actual harm from the injury." Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008) (citing Clay Elec. Coop., Inc. v. Johnson, 873 So.2d 1182, 1185 (Fla. 2003)). The defendants argue that they are entitled to final summary judgment on the plaintiff's negligence claim because the plaintiff cannot establish the existence of a duty and "there is also insufficient proof, or any at all for that matter, that *Defendant's conduct created a foreseeable zone of risk* in the first place."[4] See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63 at 13, 3/19/12) (emphasis in original).

The gist of the defendants' argument is that Mr. Gatti could not have created a foreseeable zone of risk because he was the victim and not the aggressor in the

---

[4] "In Florida, when a 'defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty [to all within the zone] placed upon [the] defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses.'" Lewis v. City of St. Petersburg, 260 F.3d 1260, 1263 (11th Cir. 2001) (quoting Kaisner v. Kolb, 543 So.2d 732, 735 (Fla. 1989) (alterations in original)).

altercation in question. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63 at 14, 3/19/12). The defendants rely on a statement in a police report provided by Mr. Gatti, the testimony of the police officer who authored the report that Mr. Gatti stated, "I got jumped," and the testimony of Mr. Gatti's surviving spouse that Mr. Gatti told her that he got hit and that "somebody jump on [sic] him." See Police Report (DE# 64 at 46, 3/19/12); Deposition of Officer Jeffrey Overcash (DE# 64 at 50, 3/19/12); Deposition of Amanda Rodrigues Gatti (DE# 64 at 55, 3/19/12).

Motions for summary judgment must be supported by admissible evidence. See Grovenor House, L.L.C. v. E.I. Du Pont De Nemours and Co., No. 09-21698-Civ., 2010 WL 3385344, at *3 (S.D. Fla. Aug. 25, 2010) (stating that "[f]or purposes of [a] summary judgment analysis, . . . the moving party bears the burden of presenting admissible evidence to show that there is no genuine issue over [a particular] fact.") (alteration in original). Assuming, arguendo, that the statements relied on by the defendants are admissible evidence, these statements merely show that a genuine issue of material fact exists concerning Mr. Gatti's role in the brawl. The plaintiff has presented the sworn testimony of Anthony Induisi, a witness to the brawl, who identified Mr. Gatti as the person who punched the plaintiff and was "running around beating people up." See Deposition of Anthony Induisi (DE# 66-6 at 7 and 11, 3/19/12).[5] Similarly, Jared Slansky

---

[5] When citing to the record in this Order, the Court will cite to the page numbers automatically assigned by the Court's CM-ECF system instead of the page numbers listed in the deposition transcripts.

testified that he observed Mr. Gatti who he described as "the Spanish guy" punch the plaintiff and another individual. See Deposition of Jared Slansky (DE# 66-8 at 9, 3/19/12). The fact that the plaintiff initially identified another individual as the person who punched him is not grounds for granting summary judgment in the instant case because other witnesses have testified that Mr. Gatti was the person who punched the plaintiff. Accordingly, the defendants are not entitled to summary judgment on the plaintiff's negligence claim.

### 2.     Assault and Battery

The defendants also seek final summary judgment on the plaintiff's assault and battery claim. As the plaintiff recognizes, "'[u]nder Florida law, it is customary to refer to the term 'assault and battery' as if it were a legal unit, or a single concept; however, assault and battery are separate and distinct legal concepts, assault being the beginning of an act which, if consummated, constitutes battery.'" Plaintiff's Response in Opposition to Defendant[s'] Motion for Summary Judgment (DE# 75 at 5, 4/5/12) (citing Doe v. Epstein, 611 F. Supp. 2d 1339, 1343 (S.D. Fla. 2009)). In the instant case, the plaintiff pled assault and battery as a single count in the complaint, count II. See Complaint (DE# 1 at 4, 11/22/10).

The defendants are entitled to summary judgment on the plaintiff's assault cause of action because they have shown through record evidence that the plaintiff did not see the defendant punch him. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63 at 4, 3/19/12) (quoting plaintiff as stating:

"he . . . blindsided me, he sucker-punched me, when I wasn't - from the side, I wasn't even looking . . . ."). An essential element to a claim of assault is "a reasonable apprehension of imminent harmful or offensive contact to [the plaintiff's] person." Boschetti v. Landon, 660 So. 2d 365, 366 (Fla. 3d DCA 1995) (per curiam) (affirming summary judgment for defendant where plaintiff could not make this showing). "As defined in Florida law, the elements of assault include an intentional threat by an act, coupled with an apparent ability to carry out the threat, that creates a fear of imminent violence; the required intent is to do the act, not the intent to do violence to the victim." Geovera Specialty Ins. Co. v. Hutchins, No. 8:09–CV–1973–T–17EAJ, 2011 WL 6444609, at *5 (M.D. Fla. Dec. 21, 2011) (Cambell v. State, 37 So.3d 948 (Fla. 5th DCA 2010)). The defendants have presented record evidence that the plaintiff did not see Mr. Gatti punch him. Thus, the burden shifts to the plaintiff to come forward with sufficient evidence showing that the plaintiff had "a reasonable apprehension of imminent harmful or offensive contact to [the plaintiff's] person" at the time of the assault. Boschetti, 660 So. 2d at 366. The plaintiff has failed to meet this burden. Accordingly, the defendants are entitled to summary judgment on the plaintiff's claim of assault.

The defendants are not entitled to summary judgment on the plaintiff's claim for battery. The elements of a civil cause of action for battery under Florida law are as follows: "(1) the intent to cause a harmful or offensive contact with another person; and (2) an offensive contact that directly or indirectly results." Rubio v. Lopez, 445 Fed. App'x. 170, 175 (11th Cir. 2011) (per curiam) (citing Chorak v. Naughton, 409 So.2d 35, 39 (Fla. 2d DCA 1981)). The defendants argue that they are entitled to summary

9

judgment on the battery claim because "[t]here is not sufficient factual support nor admissible evidence to support any facts that are necessary to prove and satisfy each of the elements of this cause of action." Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63 at 16, 3/19/12). The undersigned disagrees. There is testimony in the record that Mr. Gatti punched the defendant. See Deposition of Anthony Induisi (DE# 66-6 at 7 and 11, 3/19/12); Deposition of Jared Slansky (DE# 66-8 at 9, 3/19/12). This is sufficient to meet the second element -- an offensive contact. With respect to the first element, intent, the Eleventh Circuit has stated "[t]o establish the required intent to commit battery, the plaintiff must show that defendant exhibits a deliberate intent to injure or engages in conduct which is substantially certain to result in injury." Rubio, 445 Fed. App'x. at 175, (citing D'Amario v. Ford Motor Co., 806 So.2d 424, 438 (Fla. 2001)). Mr. Induisi's sworn deposition testimony that Mr. Gatti was "running around beating people up" is sufficient to survive summary judgment and submit this issue to a jury.

**B.     Plaintiff's Motion for Partial Summary Judgment**

The plaintiff seeks summary judgment in his favor on the affirmative defenses of comparative and contributory negligence and on the applicability and constitutionality of Fla. Stat. § 768.36. See Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66 at 1, 3/19/12).

### 1.     Comparative and Contributory Negligence

The plaintiff seeks summary judgment on the affirmative defenses of comparative and contributory negligence asserted by the defendants. The plaintiff relies on the deposition testimony of numerous eye witnesses to support his argument that he did not act in an aggressive manner or throw any punches on the night in question. The defendants have cited to record evidence in the form of a police report[6] and deposition testimony from witnesses that the plaintiff was part of or interjected himself in the middle of a brawl and was therefore either contributory or comparatively negligent for the injuries he sustained. The Court finds that genuine issues of material fact preclude summary judgment in favor of the plaintiff on the affirmative defenses of comparative and contributory negligence. See, e.g., Serrano v. United States, No. 07-22346-CIV, 2008 WL 4541003, at *4 (S.D. Fla. Oct. 9, 2008) (M.J. O'Sullivan) (denying summary judgment on comparative negligence due to issues of fact on the apportionment of fault). Accordingly, the Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66 at 1, 3/19/12) is **DENIED** on this ground.

---

[6] The plaintiff suggests that the Court should disregard the police report because "[a]lthough Officer Overcash noted in his report that [the plaintiff] and [Mr.] Gatti were fighting, he has no independent recollection of seeing them fighting." Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66 at 5, 3/19/12). This argument goes to the weight that should be assigned to the evidence and is the proper province of the jury. See Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n. 7 (11th Cir. 2005) (recognizing that believability or persuasiveness remains an issue for the trier of fact). It is not a proper consideration for the Court in ruling on a summary judgment motion.

### 2. The Constitutionality of Fla. Stat. § 768.36

The plaintiff argues that he is entitled to summary judgment on the inapplicability of Fla. Stat. § 768.36 to the facts of the instant case because "there is not one shred of evidence that [the plaintiff]'s use of alcohol proximately contributed to him being assaulted." Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66 at 8, 3/19/12). Alternatively, the plaintiff seeks summary judgment on the constitutionality of this statute.

Section 768.36, Florida Statutes, states, in pertinent part, as follows:

> (2) In any civil action, a plaintiff may not recover any damages for loss or injury to his or her person or property if the trier of fact finds that, at the time the plaintiff was injured:
>
> > (a) The plaintiff was under the influence of any alcoholic beverage or drug to the extent that the plaintiff's normal faculties were impaired or the plaintiff had a blood or breath alcohol level of 0.08 percent or higher; and
> >
> > (b) As a result of the influence of such alcoholic beverage or drug the plaintiff was more than 50 percent at fault for his or her own harm.

Fla. Stat. § 768.36(2).

At the outset the Court finds that the plaintiff is not entitled to summary judgment on the inapplicability of Fla. Stat. § 768.36 because genuine issues of material fact exist as to the role the plaintiff's intoxication played in the altercation. The defendants have cited to record evidence in the form of a police report and deposition testimony from witnesses that the plaintiff was part of or interjected himself in the middle of a brawl. The defendants' expert forensic toxicologist, Dr. Teri Stockham, opined that "there

12

would be increased self-confidence, decreased inhibitions, and diminution of attention, judgment, control and memory along with impairment of perception, increased reaction time, reduced visual acuity and peripheral vision, impaired balance and coordination" due to the plaintiff's intoxication. See Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Response to Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligence and Memorandum of Law (DE# 69 at 6, 4/2/12). Based on the evidence in this case, the issue should be submitted to a jury.

The plaintiff further argues that Fla. Stat. § 768.36 is unconstitutional. See Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66 at 8, 3/19/12). Section 768.36, Florida Statutes, is triggered only "if the trier of fact finds that . . . [a plaintiff with a blood or breath alcohol level of 0.08 percent or higher] was more than 50 percent at fault for his or her own harm." Fla. Stat. § 768.36(2). In the instant case, it is possible that the jury may find that the plaintiff was less than 50 percent at fault for his injuries. If that is the case, the Court will not need to address the constitutionality of this statute. See Finch v. Mississippi State Medical Ass'n, Inc., 585 F.2d 765, 776 (5th Cir. 1978) (recognizing that "[w]ithin a relatively short time after the power and the duty of federal courts to declare federal statutes unconstitutional was established in Marbury v. Madison, 1803, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60, and to rule on the invalidity of state statutes was elucidated in McCulloch v. Maryland, 1819, 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579, the federal courts recognized a **corollary obligation, to avoid**

13

**constitutional confrontation whenever possible**.") (emphasis added).[7] Accordingly, the plaintiff's motion for summary judgment as to the constitutionality of Fla. Stat. § 768.36 is **DENIED**. The plaintiff is permitted to renew the issue if the jury determines that the plaintiff had a blood or breath alcohol level of 0.08 percent or higher and was more than 50 percent at fault for his own harm.

## CONCLUSION

Based on the foregoing, the Defendants', The Estate of Arturo Gatti and Amanda Rodrigues, as Sole Liquidator of the Estate of Arturo Gatti, Motion for Summary Judgment and Memorandum of Law (DE# 63, 3/19/12) is **GRANTED in part and DENIED in part**. The defendants are entitled to summary judgment on the plaintiff's assault claim. The plaintiff's negligence and battery claims shall be submitted to a jury. The Plaintiff's Motion for Partial Summary Judgment on Issues of Comparative and Contributory Negligent and Incorporated Memorandum of Law (DE# 66, 3/19/12) is **DENIED** in its entirety. The plaintiff is permitted to renew his argument on the constitutionality of Fla. Stat. § 768.36 if the statute is triggered by the jury verdict.

DONE AND ORDERED in Chambers at the United States Courthouse, Miami, Florida this **10th** day of April, 2012.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

---

[7] The Eleventh Circuit in <u>Bonner v. City of Prichard</u>, 661 F. 2d 1206, 1207 (11th Cir. 1981) (<u>en banc</u>), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.